### Roberts v. Aker & Vogt.

(Decided May 30, 1924.)

#### Appeal from Fayette Circuit Court.

1. Appeal and Error—Though Weight Given Finding of Chancellor, Reviewing Court Will Give Judgment According to Truth of Matter.—While Court of Appeals will give some weight to finding of chancellor, nevertheless it will give judgment according to truth of matter as it appears from record.

2. Appeal and Error—Where Truth of Matter Doubtful, Chancellor's Conclusions on Facts Not Disturbed.—Where under evidence truth of matter is doubtful, chancellor's conclusions on facts will not be disturbed.

3. Partnership—Finding of Partnership in Purchase of Truck Sustained.—In action wherein it was sought to hold one liable on note as partner of maker in purchase of truck, chancellor held justified in holding that there existed a partnership to extent of joint purchase of truck.

FRANKLIN, TALBOTT & CHAPMAN for appellant.

SMITH & REYNOLDS and GEO. W. VAUGHN for appellees.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

The Remedial System of Loaning, a corporation of Lexington, Kentucky, instituted an action in the Fayette circuit court against the firm of Aker & Vogt, appellees herein, and one H. R. Baker. As its cause of action the plaintiff alleged that Aker & Vogt had transferred and assigned to it before maturity and for a valuable consideration a certain promissory note executed and delivered to them by their codefendant, Baker; that the note was dated May 25, 1920, and was for the principal sum of $1,646.03, payable in twelve monthly installments of $137.18 each, beginning June 25, 1920; and that the payment thereof was secured by a chattel mortgage, likewise assigned to plaintiff, on a certain Traffic truck, whereby it was provided that, in the event of a default in the payment of any monthly installment, all of the unpaid balance should immediately become due and payable. Alleging that defendants had paid only two of the monthly installments and were therefore in default, plaintiff prayed for a judgment against Aker & Vogt and H. R. Baker for the unpaid balance of the note and sought by attachment to enforce its lien on the truck described in the mortgage. Thereafter Aker & Vogt paid the balance due on the note which, together with the mortgage, was transferred and assigned back to them by the Remedial System of Loaning, and with the latter we have no further concern upon this appeal.

Appellees, Aker & Vogt, filed a cross-petition against their codefendant Baker, and joined with him as a defendant in the cross-petition the appellant, Roberts, who theretofore had not been a party to the action. It was alleged that Baker and Roberts were partners and as such had

purchased from Aker & Vogt the Traffic truck in question, for which they agreed to pay the sum of $2,170.03; of this amount Roberts paid $524.00 with his personal check at the time of the purchase, and the balance was evidenced by the note and mortgage hereinbefore mentioned. It was further alleged that by oversight and mutual mistake Baker alone signed the note and mortgage, whereas the truck was sold to them jointly and it was a joint obligation of both Baker and Roberts, and it was understood and intended that both should sign and be bound thereby. They further allege that the note had been transferred to the Remedial System of Loaning and had not been paid by Roberts and Baker, and as they, the cross-plaintiffs, had been compelled to pay same, they asked judgment over against Baker and Roberts reimbursing them for the payment so made. Process on the amended petition was had on Roberts, and Baker was proceeded against by warning order. The latter made no defense to the action, nor did he testify as a witness. Roberts filed an answer in which he admitted making the cash payment of $524.00, which he alleged was a loan to Baker, but denied being a partner of the latter, or having jointly purchased the truck with him, or having any connection with the purchase other than to advance money for Baker. Upon this issue of fact, that is, whether or not Roberts was a partner of Baker or jointly purchased the truck with him, the case was tried before the chancellor. A large amount of testimony was taken, and upon a consideration of the whole case the lower court rendered judgment against Roberts and in favor of the appellees, and from that judgment Roberts has prosecuted this appeal.

The appeal presents no question of law; it raises simply an issue of fact. In cases of this character, while this court will give some weight to the finding of the chancellor, nevertheless, it will give judgment according to the truth of the matter as it appears from the record. Where, under the evidence, the truth of the matter is doubtful, the chancellor's conclusions on the facts will not be disturbed. We are convinced, after a careful consideration of the record upon this appeal, that the judgment is in accord with, rather than against, the weight of the evidence.

Appellant, Roberts, was a yard foreman of the L. & N. Railroad Company at Paris, Kentucky, but had been engaged in the garage business as a side line since some time in February, 1919; at various times since that date he had been a member of different partnerships and had

done business under the names of Dickerson & Son, Roberts Brothers and Paris Garage. For two months prior to May 1st, 1920, Baker operated a Traffic truck belonging to the partnership of which Roberts was then a member, and was paid for his services upon a commission basis, the firm furnishing the truck, oil and gasoline. About the first of May, 1920, Roberts sold out his interest in the garage, and among other things received as part payment therefor the Traffic truck last mentioned. Thereupon he sold this truck to Baker, wholly upon credit and without any security, for the sum of $1,500.00, it being understood that Baker was to pay for it out of his earnings. Shortly after making this sale to Baker the latter suggested that he could repay Roberts more quickly if he had two trucks with which to do hauling, and at his request Roberts notified appellees, Aker & Vogt, who were the sales agents for Traffic trucks in Lexington, to bring a truck to Paris, Kentucky. This is Roberts' explanation of the admitted fact that he did request the appellees to·bring a truck to Paris, although he says further that they had previously asked him to notify them if he ever found any prospective purchaser of a truck.

Acting upon this request, appellees drove one of their trucks to Paris, and, as they claim, sold it to Roberts and Baker jointly, or, as Roberts claims, sold it to Baker alone. At all events, upon arriving at Paris Aker & Vogt called at Roberts' garage, where the latter got in the truck with them and the three together drove to where Baker was at work. On the way they discussed the time of payments and other details of the proposed sale. The parties differ materially as to what was said and done at the conference later when they found Baker. Appellees claim that, after the usual negotiations that take place at a sale, Roberts said they would take the truck, and further said, "Of course, you know I am buying this truck, but I am putting it in Baker's name, and if he runs over and kills anybody it won't take everything I have." Roberts thereupon gave them his personal check for $524.00, the amount of the first payment on the purchase price, and they delivered the truck to Baker and him jointly. The balance of the purchase price was to be financed· or carried by the Remedial System of Loaning, but appellees did not have the necessary papers with them at the time, and it was understood that they would return with them in a day or two. The next day appellee Vogt returned to Paris with the unsigned note and mort-

gage, but was informed appellant Roberts was out of the city. He secured Baker's signature and intended later to secure that of Roberts, but through oversight and mistake failed to do so, and the note and mortgage were returned to the Remedial System of Loaning, to whom they had been transferred, and appellees paid no further attention to the matter until notified that there had been a default in the payments. Prior to the default in payments Roberts paid direct to the Remedial System of Loaning one installment amounting to $137.18, while Baker, who also paid an installment, paid it to appellees, and it was by them delivered to the Remedial System of Loaning. The proof also shows that shortly after the sale of the truck Roberts paid appellees $175.00 for a rear system to be installed on the truck. Both Aker and Vogt swear that upon one occasion while in their place of business appellant said he did not know how he escaped getting on the note, and Vogt swears that at the same time he said that he would have signed it. Appellees introduced a witness engaged in the garage business at Paris, who swore in substance that he furnished the gasoline and oil for the use of the two trucks which he understood belonged to Baker and Roberts; that he charged the account to them as partners and Roberts paid substantially all of these bills by his personal check. It will thus be seen that the facts supporting all the material allegations of the petition are not only testified to by the two appellees, but other facts and circumstances are proven which strongly corroborate appellees' contention.

On the other hand, while denying that he made the statements sworn to by both Aker and Vogt, appellant admits that he requested appellees to bring the truck to Paris and that he there discussed its purchase and advised Baker relative thereto, but insists that he was acting solely for Baker and not for himself. He further admits making all the payments mentioned above, but states that he was simply financing Baker so as to enable the latter to pay the $1,500.00 which he owed appellant for the truck alleged to have been purchased from him. In support of this he testifies that Baker was doing a large amount of hauling with both the trucks for the Mason & Hanger Company, a construction company which had a large contract in that neighborhood. Being without means it was necessary for him to advance money from time to time both to and for Baker, so that the latter could continue to operate his trucks and thus keep up his pay-

ments on them. Baker regularly turned over to him the checks which he received from Mason & Hanger for his services, and he and Baker would settle up monthly. Out of the money so received he reimbursed himself for the advancements he had made during the preceding month, credited Baker with a payment on the purchase price of the truck Baker had bought from him, and turned the balance over to Baker. In this way, he claims, he was repaid for all the money he had advanced for Baker, including the payments on the truck sold by appellees, and likewise received substantial payments on the purchase price of the truck which he, himself, had sold Baker. He files with his testimony a copy of his records showing the various payments he had made for Baker and the amounts he had received in return, and to some extent this does corroborate his testimony.

It would unduly lengthen this opinion to enter into a discussion of the various items set out in the itemized statement or the inferences to be drawn therefrom. This was all the evidence offered by appellant, Roberts, and while it, in a measure, supports his theory of the case, it by no means outweighs the evidence offered by the appellees.

Upon a consideration of the whole case we are satisfied that the lower court was justified under the evidence in holding that the appellant was in fact a partner of Baker, at least to the extent of having jointly purchased with him the truck in question, and therefore the court did not err in rendering judgment against him for the amount of the purchase price.

Wherefore, the judgment is affirmed.